IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VODIE GOODMAN, | No. 4:22-CV-00981 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN J. SAGE, | |
| Respondent. | |

MEMORANDUM OPINION

DECEMBER 30, 2022

Petitioner Vodie Goodman, an inmate confined at the Federal Correctional Institution, Schuylkill (FCI Schuylkill) in Minersville, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to order the federal Bureau of Prisons (BOP) to find him eligible to earn time credits pursuant to the First Step Act of 2018 (FSA)[1] and to apply those credits to his sentence. Because Goodman is ineligible to receive FSA time credits, the Court must deny his petition.

I. **BACKGROUND**

Goodman is currently serving a 262-month aggregate sentence imposed by the United States District Court for the District of Maine for, *inter alia*, multiple drug offenses as well as a conviction under 18 U.S.C. § 924(c)(1)(A)(i) for use of a

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).

firearm in connection with a federal drug trafficking crime.[2]  His current projected release date, according to BOP officials and via application of good-conduct time, is May 20, 2025.[3]

Goodman contends that he has earned at least 500 days of FSA time credits and that, even though he appears to concede that he is a "medium" or "high" risk to recidivate, he should be approved for application of FSA time credits by the warden of FCI Schuylkill.[4]  He further argues that, even though he has a Section 924(c) conviction that is part of his current, aggregate sentence, he should not be deemed ineligible for FSA credits but should instead have the credits applied to his 202-month sentence for the non-disqualifying offenses.[5]  He asks the Court to order the BOP to find him eligible for FSA credits and to apply the credits he believes he has earned.

## II.  DISCUSSION

Respondent maintains that Goodman's petition fails for two reasons.  Respondent first asserts that Goodman has failed to exhaust his administrative remedies.  Respondent also contends that, even if Goodman had exhausted his claims, his Section 2241 petition is meritless.  The Court will take each of Respondent's arguments in turn.

---

[2]   Doc. 8-1 at 3 ¶ 3; *id.* at 7.
[3]   Doc. 8-1 at 3 ¶ 3.
[4]   *See* Doc. 3 at 1-3.
[5]   *See id.* at 3-4.

### A. Administrative Exhaustion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[6]  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[7]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[8]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[9]  Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[10]  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[11]

---

[6] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).
[7] *Moscato*, 98 F.3d at 761-62 (citations omitted)
[8] *See generally* 28 C.F.R. §§ 542.10-.19.
[9] *See id.* §§ 542.13-.15.
[10] *See Moscato*, 98 F.3d at 761.
[11] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

Exhaustion is likewise excused when it would be futile.[12]

Goodman concedes that he did not exhaust his administrative remedies.[13] Instead, he argues that exhaustion should be waived because it is futile and because the BOP's denial of his FSA credits is driven by "policy" that would not change if he appealed to the Regional or Central Office.[14]

Goodman is only partially correct that administrative exhaustion is not required for his Section 2241 petition. His first argument—that he should be deemed eligible to receive FSA credits by the warden of FCI Schuylkill even though he has not been assessed as a minimum or low recidivism risk—is not a matter of statutory interpretation or BOP policy. Rather, it concerns a discretionary decision by the warden as to whether to deem Goodman eligible to have FSA time credits applied toward prerelease custody or supervised release despite not meeting the recidivism risk requirements established in 18 U.S.C. § 3624(g)(1)(D)(i)(I) and 28 C.F.R. § 523.44(c)(1). Those statutory and regulatory provisions require, for early placement in prerelease custody, that the prisoner "has been determined . . . to be a minimum or low risk to recidivate pursuant to the last

---

[12] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[13] *See* Doc. 1 at 3; Doc. 3 at 3-4.
[14] Doc. 3 at 3-4.

2 reassessments of the prisoner"[15] and, for early placement in supervised release, that "the prisoner has been determined . . . to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner."[16] Thus, under either provision, the prisoner must be determined to be a minimum or low risk to recidivate.

If an inmate cannot meet this recidivism-risk requirement, they can alternatively petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release.[17] The warden can approve that petition upon determining that the prisoner (1) "would not be a danger to society if transferred to prerelease custody or supervised release," (2) "has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities," and (3) "is unlikely to recidivate."[18]

This exception to the minimum- or low-recidivism-risk precondition requires an inmate to directly petition the warden, and therefore by statute (and regulation) demands administrative exhaustion. The Court has no jurisdiction to consider Goodman's eligibility for this exception absent proper exhaustion. Moreover, even if Goodman made the requisite request for this relief and the

---

[15] 18 U.S.C. § 3624(g)(1)(D)(i)(I). The regulation uses slightly different wording but contains the same requirement: the inmate must have "maintained a minimum or low recidivism risk through his or her last two risk and needs assessments." 28 C.F.R. § 523.44(c)(1).
[16] 18 U.S.C. § 3624(g)(1)(D)(ii); 28 C.F.R. § 523.44(d)(1).
[17] *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II).
[18] *Id.* § 3624(g)(1)(D)(i)(II)(aa)-(cc); *see also* 28 C.F.R. § 523.44(c)(2)(i)-(iii).

warden denied Goodman's petition (and Goodman followed the required appeal steps as set forth in 28 C.F.R. §§ 542.13-.15), any review of that decision by this Court would be constrained to determining whether the BOP had abused its discretion.[19] Accordingly, this portion of Goodman's Section 2241 petition must be dismissed for failure to exhaust administrative remedies.[20]

### B. Merits of Section 2241 Petition

Goodman's second argument, however, raises an issue of statutory construction and therefore does not require administrative exhaustion. He contends that, even though he has a disqualifying Section 924(c) conviction with a mandatory consecutive 60-month sentence, his FSA time credits should be applied to his 202-month sentence for the other non-disqualifying offenses. This argument is unpersuasive for multiple reasons.

Goodman contends that the denial of FSA time credits to prisoners with 924(c) convictions is "driven by policy,"[21] but it is actually driven by statute. Section 3632(d)(4)(D) of Title 18 of the United States Code provides an extensive list of offenses that render a prisoner "ineligible to receive [FSA] time credits" if

---

19 *See Collins v. Warden Canaan FPC*, 2022 WL 2752536, at *2 (3d Cir. 2022) (nonprecedential) (citing *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) (explaining that federal court's review of BOP's prerelease-placement decision under Second Chance Act "is limited to whether the BOP abused its discretion")); *see also Bains v. Quay*, No. 3:21-cv-00353, 2021 WL 5343485, at *3 n.9 (M.D. Pa. Oct. 27, 2021) (describing recidivism-risk exception in Section 3624(g)(1)(D)(i)(II) as "discretionary"), *adopting report & recommendation*, 2021 WL 5330841 (M.D. Pa. Nov. 16, 2021) (Kane, J.).
20 *See Moscato*, 98 F.3d at 762.
21 Doc. 3 at 4.

6

the prisoner "is serving a sentence for a conviction" for any of the enumerated offenses.[22] One such disqualifying offense is "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime."[23] Thus, under the plain language of the FSA, Goodman's 924(c) conviction and sentence render him ineligible to receive FSA time credits. This conclusion is bolstered by the relevant regulations, which plainly state that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."[24]

Goodman maintains that, because his Section 924(c) sentence is ordered to run consecutive to his sentence for the other non-disqualifying offenses, he is not yet "serving" that 924(c) sentence and therefore is eligible to receive time credits. Essentially, Goodman is arguing that his sentences for different offenses should be treated in a bifurcated manner for FSA eligibility purposes. This argument, however, has been consistently rejected by courts within and beyond this district.[25] It also runs counter to the plain language of 18 U.S.C. § 3584(c), which mandates

---

[22] *See* 18 U.S.C. § 3632(d)(4)(D).
[23] *Id.* § 3632(d)(4)(D)(xxii).
[24] 28 C.F.R. § 523.41(d)(2).
[25] *See, e.g.*, *Teed v. Warden, Low Sec. Corr. Inst., Allenwood*, No. 1:22-CV-1568, 2022 WL 17252584, at *2 (M.D. Pa. Nov. 28, 2022) (Conner, J.); *Dunston v. Spaulding*, No. 4:20-CV-01961, 2021 WL 2588791, at *2, 4 (M.D. Pa. June 24, 2021) (Brann, J.) (finding petitioner ineligible for FSA time credits when one of his three convictions was under Section 924(c)); *Keeling v. LeMaster*, No. 0:22-cv-00096, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022); *Sok v. Eischen*, No. 22-cv-458, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), *adopting report & recommendation*, 2022 WL 17128929 (D. Minn. Nov. 22, 2022).

that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Thus, because Goodman is in fact serving his Section 924(c) sentence as part of his "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits and his Section 2241 petition must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court must deny Goodman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge